Directory: J:\JudgeJennings\sapresubs\SHR concurrence 100999

















Opinion issued April
20, 2012

 



 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00999-CV

———————————

S.H.R.,
Appellant

V.

Department of Family and
Protective Services, Appellee



 



 

On Appeal from the 314th District
Court

Harris County,
Texas



Trial Court Case No. 200903028J

 



 

 

CONCURRING OPINION

          I agree, albeit for different reasons,
with both of my colleagues that the evidence is legally sufficient to support a
finding that appellant, S.H.R., engaged in conduct which endangered the
physical or emotional well-being of his children.  See
Tex. Fam. Code Ann. § 161.001(1)(E) (Vernon Supp. 2011). 
I also agree, again, for different reasons, with Justice Sharp that the
evidence is factually insufficient to support such a finding.  Accordingly, I write separately to explain
why I agree.

Standard of Review

A parent’s
right to “the companionship, care, custody, and management” of his children is
a constitutional interest “far more precious than any property right.” Santosky v. Kramer, 455 U.S. 745, 758–59, 102 S.
 Ct. 1388, 1397 (1982) (internal citation omitted).  The United States Supreme Court has
emphasized that “the interest of parents in the care, custody, and control of
their children is perhaps the oldest of the fundamental liberty interests
recognized by this Court.”  Troxel v. Granville, 530 U.S. 57, 65, 120 S. Ct.
2054, 2060 (2000).  Likewise, the
Texas Supreme Court has also concluded that “[t]his natural parental right” is “essential,”
“a basic civil right of man,” and “far more precious than property rights.”  Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985).  Consequently, 

[T]ermination proceedings should be strictly
scrutinized, and involuntary termination statutes are strictly construed in
favor of the parent.  

 

Id. (emphasis
added).  

Because
termination of parental rights “is complete, final, irrevocable, and divests
for all time that natural right . . . , the evidence in support of termination
must be clear and convincing before a
court may involuntarily terminate a parent’s rights.”  Id.  (citing Santosky, 455 U.S.
at 747–48, 102 S. Ct. at 1391–92; Richardson
v. Green, 677 S.W.2d 497, 500 (Tex.
1984)) (emphasis added).  Clear and convincing evidence is “the measure
or degree of proof that will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be
established.”   Tex. Fam. Code Ann. § 101.007 (Vernon 2008); In re
J.F.C., 96 S.W.3d 256, 264 (Tex. 2002).  Because the standard of proof is “clear and
convincing,” the Texas Supreme Court has held that the traditional legal and
factual standards of review are inadequate.  In re J.F.C., 96 S.W.3d at 264–66.  

Instead of
requiring just more than a scintilla of evidence to support a finding, we, in
conducting our legal-sufficiency review in parental-rights termination cases,
must determine whether the evidence, viewed in the light most favorable to the
finding, is such that the fact finder could reasonably have formed a firm
belief or conviction about the truth of the matter on which the Department of
Family and Protective Services (“DFPS”) bore the burden of proof.   See id.
at 266.  In
viewing the evidence in the light most favorable to the judgment, we “must
assume that the fact finder resolved disputed facts in favor of its finding if
a reasonable fact finder could do so,” and we “should disregard all evidence
that a reasonable fact finder could have disbelieved or found to be incredible.”  In re
J.P.B., 180 S.W.3d 570, 573 (Tex.
2005) (citing In re J.F.C., 96 S.W.3d
at 266).  

However, a
fact finder may not, from meager circumstantial evidence, reasonably infer an
ultimate fact, none more probable than another. 
Hammerly Oaks,
Inc. v. Edwards, 958 S.W.2d 387, 392 (Tex. 1997).  This Court has explained that under the law of
evidence, the term “inference” means, 

[A] truth or proposition
drawn from another which is supposed or admitted to be true.  A process of reasoning by which a fact or
proposition sought to be established is deduced as a logical consequence from
other facts, or a state of facts, already proved.

 

Marshall Field Stores, Inc. v. Gardiner, 859
S.W.2d 391, 400 (Tex. App.—Houston [1st Dist.] 1993, writ dism’d w.o.j.) (quoting Black’s Law
Dictionary 700 (5th ed. 1979)). 
Thus, to “infer” a fact, one “must be able to deduce that fact as a
logical consequence from other proven facts.” 
Id. 
In other words, there must be a logical and rational connection between
the facts in evidence and the fact to be inferred.  United
States v. Michelena-Orovio, 702 F.2d 496, 504 (5th Cir.), aff’d on reh’g,
719 F.2d 738 (5th Cir. 1983) (en banc). 
It is important to be mindful that “‘when the evidence offered to prove
a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, the evidence is no more than a scintilla and, in
legal effect, is no evidence.’”  Ford Motor Co. v. Ridgway, 135 S.W.3d 598,
601 (Tex. 2004) (quoting  Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)).  And in regard to the sufficiency of evidence
in circumstantial-evidence cases, one inference cannot be based upon another
inference to reach a conclusion.  Marathon Corp. v. Pitzner,
106 S.W.3d 724, 728 (Tex.
2003). Conclusions based on such stacking do not constitute
evidence.   Id.

          In
conducting a factual-sufficiency
review in a parental-rights termination case, we must determine whether,
considering the entire record, including evidence supporting and evidence
contradicting the finding, a fact‑finder could have reasonably formed a
firm conviction or belief about the truth of the matter on which DFPS bore the
burden of proof.  Cervantes-Peterson, 221 S.W.3d at 250
(citing J.P.B., 180 S.W.3d at 573; In re C.H., 89 S.W.3d at 25).  The higher burden of proof in parental-rights
termination cases alters the appellate standard of review: “a finding that must
be based on clear and convincing evidence cannot be viewed on appeal the same
as one that may be sustained on a mere preponderance.”  In re C.H., 89 S.W.3d 17, 25–26 (Tex. 2002).  In considering whether disputed evidence rises
to the level of being clear and convincing, we must consider whether the
evidence is sufficient to reasonably form in the mind of the fact finder a firm
belief or conviction as to the truth of the allegation sought to be
established.  Cervantes-Peterson, 221 S.W.3d at 250.  We consider whether the disputed evidence is
such that a reasonable fact‑finder could not have resolved the disputed
evidence in favor of its finding.  Id. (citing J.F.C., 96
S.W.3d at 266–67).  If, in light
of the entire record, the disputed evidence that a reasonable fact‑finder
could not have credited in favor of the finding is so significant that a fact‑finder
could not reasonably have formed a firm belief or conviction, then the evidence
is factually insufficient.  Id. (quoting J.F.C., 96
S.W.3d at 266).

Endangerment

          Here, to support the trial court’s
termination of S.H.R.’s parental rights, the record must contain clear and
convincing evidence that he engaged in conduct which “endangered” his children.  “Endanger” means to “expose to loss or injury”
or to “jeopardize”; it consists of conduct that is “more than a threat of
metaphysical injury” or the “possible ill effects of a less than ideal family
environment”; although, a child need not suffer actual injury to constitute
endangerment.  Tex. Dep’t of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987).  Endangerment can occur through both the acts
and omissions of a parent.  See In re R.D., 955 S.W.2d 364, 367
(Tex. App.—San Antonio 1997, pet. denied).       

After
considering all of the evidence in the light most favorable to the trial
court’s findings, the only evidence in the record from which the trial court
could have reasonably formed a firm belief or conviction that S.H.R. in fact endangered
his children is that of his abuse of the children’s biological mother in front of
the children.  See In re J.O.A., 283 S.W.3d 336, 346
(Tex. 2009).  DFPS’s exhibit number 22A,
a document entitled “Newsom Psychological Evaluation,” reveals un-objected to
hearsay that the children’s biological mother stated that the children
witnessed S.H.R. being “physically, verbally and sexually abusive to their
mother.”  From this evidence, the trial
court could have reasonably inferred and formed a firm conviction or belief
that S.H.R. endangered the children.  

As noted by
both of my colleagues, DFPS tried this case to the trial court on the
allegation that S.H.R. had sexually abused the children.  Its only evidence in this regard was that
S.H.R. had tested positive for oral and genital herpes and hearsay evidence
that the children also had tested positive for oral and genital herpes.  However, the medical records in evidence are
either silent or reveal that the children tested negative for genital herpes.  Thus, DFPS did not present any evidence from
which the trial court could have logically deduced that S.H.R. sexually
assaulted the children.  Indeed, there is
no evidence that any attempt was ever made to prosecute S.H.R. for sexual
assault of a child. 

DFPS barely
made mention of any other allegation of endangerment in the trial court in its
closing argument in regard to the termination of S.H.R.’s parental rights.  And, in its appellate brief, DFPS mentions scant
details of other allegations—i.e., criminal history, domestic violence, frequent
moving, and use of alcohol and drugs—only in footnotes.  Thus, DFPS did not present any evidence, or
even argument, about how any specific act of S.H.R. actually endangered his
children.  For example, DFPS did not
present any evidence or provide any reasoned analysis as to how appellant’s one
felony conviction for possession of cocaine in July 1992 endangered his
children who were later born in 2003, 2005, and 2006.  Nor did it temporally connect any of
appellant’s misdemeanor convictions for harassment, terroristic threat, or
criminal trespass or his use of alcohol or marijuana to any specific
endangerment of the children.  One might
easily surmise or have a strong suspicion that such conduct, assuming that it
occurred after the children’s births, could have somehow endangered them.  But, from the evidence actually presented at
trial, such endangerment cannot be reasonably inferred.  And the evidence presented by DFPS does not support
a firm belief or conviction of endangerment. 


Nevertheless,
as mentioned by DFPS in a footnote in its brief, it did introduce into evidence
the Newsom Psychological Evaluation, which contains the hearsay statement of
the children’s mother that they witnessed S.H.R. being “physically, verbally
and sexually abusive to their mother.”   However, this hearsay evidence, offered without
any contextual evidence or explanation at all of when, how, or exactly what “abuse”
occurred, is contradicted by S.H.R.’s direct testimony.  Given how the case was presented to the trial
court, it is highly doubtful whether the trial court considered or even read the
mother’s hearsay statement in this report. 
But, even if it did, a fact‑finder could not
have reasonably resolved the disputed evidence in favor of a finding of actual
endangerment.  See Cervantes-Peterson,
221 S.W.3d at 250 (citing In re J.P.B.,
180 S.W.3d at 573; In re C.H., 89
S.W.3d at 25).  

Because
a fact finder, considering the disputed evidence in light of the entire record,
could not have reasonably formed a firm belief or conviction that S.H.R.
actually endangered his children, I would hold that the evidence is factually
insufficient to support the trial court’s finding of endangerment.  See
id.
(quoting J.F.C.,
96 S.W.3d at 266).  Accordingly, I agree
that the judgment of the trial court should be reversed and the case remanded
for further proceedings.

 

 

                                                                      Terry
Jennings

                                                                      Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Justice Jennings, concurring.

Justice Brown, dissenting.